IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCELLI PASCAL-RODRIGUEZ,

    Plaintiff,

    v.

BRITTANY WELLS, *et al.*,

    Defendants.

Case No. 2:25-cv-730

## OPINION & ORDER

Defendant Brittany Wells moves to dismiss Plaintiff Marcelli Pascal-Rodriguez's negligence claim against her under Fed. R. Civ. P. 12(b)(6) or, in the alternative, moves for summary judgment pursuant to Fed. R. Civ. P. 56. ECF Nos. 6 (motion), 7 (memorandum). For the reasons stated herein, the motion will be **DENIED**, and the case will be **REMANDED** to the Circuit Court for the City of Virginia Beach.

## I.    BACKGROUND

At this stage, the Court assumes the facts alleged in the complaint are true. Plaintiff Marcelli Pascal-Rodriguez and Defendant Brittany Wells are both individuals residing in the Commonwealth of Virginia. ECF No. 1-5 ¶¶ 1–2. Defendant Elaine Suderio is an individual residing in the State of New York.[1] *Id.* ¶ 4.

---

[1] Elaine Suderio's presence as a defendant in this case is only relevant for purposes of the jurisdictional analysis. As such, facts specific to her conduct are not included in this Opinion and Order, and any reference to "the defendant" pertains to Brittany Wells.

On or about July 19, 2024, the plaintiff met with the defendant—an area sales manager for InMode—in Virginia Beach, Virginia, to test a radiofrequency microneedling device called the Morpheus8. ECF No. 1-5 ¶¶ 3, 8–9. The defendant "encouraged" the plaintiff to receive a microneedling treatment using the Morpheus8 and "induced" him to do so "by proclaiming that [the treatment] was safe and effective on all skin tones" without informing him of potential side effects. *Id.* ¶¶ 11–12, 14. As a result, the plaintiff consented to the treatment. *Id.* ¶ 13.

The microneedling treatment injured the plaintiff. ECF No. 1-5 ¶¶ 19–20, 24. After the microneedling treatment, the plaintiff noticed darkening under his eyes. *Id.* ¶ 15. Although the defendant and another InMode employee assured the plaintiff that the darkened skin was normal and would self-resolve, the plaintiff was ultimately diagnosed by a medical professional with hemosiderin staining, which has required "extensive treatment." *Id.* ¶¶ 16, 18–20.

As a result, the plaintiff sued the defendant in the Circuit Court for the City of Virginia Beach on October 8, 2025. ECF No. 1-5. In the one-count complaint, the plaintiff alleges that the defendant negligently breached a duty of care to the plaintiff, resulting in his injury—including physical injury, medical expenses, lost wages, and pain and suffering. *Id.* ¶¶ 21–29. The plaintiff seeks $3,000,000.00 in compensatory damages. *Id.* at 5. Invasix, Inc., a Delaware corporation with its principal place of business in California, and the defendant's employer on the date of the incident at issue, moved for leave to intervene in the state court action. ECF No. 4 ¶¶ 8, 11.

2

Thereafter, the defendant[2] removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. The defendant's motion to dismiss or, in the alternative, for summary judgment, followed. ECF Nos. 6 (motion), 7 (memorandum). The motion has been fully briefed and is ripe for disposition. ECF Nos. 8 (opposition), 9 (reply).

## II.    LEGAL STANDARDS

### A.    Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true," *Twombly*, 550 U.S. at 555, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[2] The notice of removal was joined by Intervenor-Defendant Invasix, Inc. ECF No. 1; *see also* ECF No. 12 (Order granting motion to intervene).

## B.      Removal Based on Diversity of Citizenship

Title 28, United States Code, Section 1441(a) provides that "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." The party seeking removal bears the burden of establishing jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000, and "diversity must be complete such that the state of citizenship of each plaintiff must be different from that of each defendant." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (quotation marks and citation omitted).

## C.      Fraudulent Joinder

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts, or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in

4

state court." *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quotation marks and citation omitted). In determining whether the removing party has met this "heavy burden," *id.*, "all doubts about the propriety of removal should be resolved in favor of remanding the case to state court." *Skidmore v. Schinke*, 171 F.4th 319, 324 (4th Cir. 2026) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

Importantly, "a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . uncertain questions of law and fact," and a district court errs by "delving too far into the merits" in deciding a claim of fraudulent joinder. *See Hartley*, 137 F.3d at 424–26 ("Because all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists, a truly 'novel' issue [of state law] cannot be the basis for finding fraudulent joinder."); *Schinke*, 171 F.4th at 324 ("At this stage, a district court shouldn't wrestle with thorny state-law questions.") (citation omitted). "Instead, if [the district court] 'cannot predict with certainty how a state court . . . would resolve the legal issues' implicated by the case, it should leave those issues for a state court to decide." *Schinke*, 171 F.4th at 324 (citing *Hartley*, 137 F.3d at 425–26).

## III.   ANALYSIS

The defendant removed this suit on the basis of diversity jurisdiction. ECF No. 1 ¶ 2; ECF No. 7 ¶ 7. Although the plaintiff and the defendant are both citizens of Virginia, the defendant contends that her citizenship should be ignored because she was fraudulently joined to defeat diversity jurisdiction. ECF No. 7 ¶ 7. The defendant

5

does not allege any "outright fraud" by the plaintiff, so the issue for this Court is whether there is any possibility that the plaintiff can maintain a negligence claim against the defendant under Virginia law. *Hartley*, 187 F.3d at 424. Because the Court finds it is possible that the plaintiff can do so, the fraudulent joinder doctrine does not permit the Court to retain jurisdiction, and the case must be remanded.

Whether the plaintiff can maintain a negligence claim against the defendant under Virginia law turns on whether the plaintiff has alleged conduct by the defendant that constitutes misfeasance or nonfeasance. In Virginia, "[a]n employee may be liable for [their] own misfeasance (i.e., performance of an affirmative act done improperly), but not for [their] own nonfeasance (i.e., omission to do some act which ought to be performed)." *Harris v. Morrison, Inc.*, No. LU–4504, 1993 WL 13029825, at *1 (Va. Cir. 1993) (citing *Miller v. Quarles*, 410 S.E.2d 639 (Va. 1991) and *Turner v. Corneal*, 159 S.E. 72 (Va. 1931)). "[A] plaintiff who alleges only an employee's failure to detect, remove, or warn of a danger has failed to state a claim of misfeasance for which the employee may be personally liable." *Hall v. Walters*, No. 3:13-cv-210, 2013 WL 3458256, at *4 (E.D. Va. July 9, 2013) (citation omitted).

The defendant argues that the plaintiff has failed to allege any affirmative act by the defendant and that, instead, the plaintiff alleges only nonfeasance in the form of failure to warn of potential negative side effects. ECF No. 7 ¶¶ 14–21. It is true that the complaint alleges that the defendant failed to inform the plaintiff of the potential risks of the microneedling treatment. ECF No. 1-5 ¶ 14. But the complaint also alleges that the plaintiff was injured because the defendant "encouraged" the

6

plaintiff to receive the treatment and "induced" him to do so "by proclaiming that [the treatment] was safe and effective." *Id.* ¶¶ 11–12.

The Virginia Supreme Court has not addressed whether proclaiming a product or treatment safe and effective constitutes an affirmative action,[3] and it is not for this Court to predict how the Virginia Supreme Court would answer that question. *See Harris v. Webster*, No. 3:08-cv-397, 2008 WL 4396231, at *4 (E.D. Va. 2008) ("It is not the function of this Court to examine the sufficiency of the claim, or its likelihood of success in the state Court, but only to determine if a plausible claim can be asserted against the non-diverse defendant in state court."); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 ("A claim need not ultimately succeed to defeat

---

[3] The Court has considered the defendant's argument that such allegations are insufficient because the affirmative act must have "create[d] a dangerous condition," and it was the alleged failure to warn that induced the plaintiff to undergo treatment rather than the proclamation of the treatment's safety. ECF No. 7 ¶ 20. But the complaint expressly states that the defendant "induced [the plaintiff] to undergo the services *by proclaiming that it was safe and effective*," and that the plaintiff "consented to the services proposed and provided" based on his "rel[iance] on these representations." ECF No. 1-5 ¶¶ 12–13. Taking the facts alleged in the complaint as true, the Court cannot conclude at this juncture that it was only failure to warn, and not affirmative misrepresentations of safety and effectiveness, that induced the plaintiffs to undergo the treatment, resulting in his harm.

Contrary to the defendant's argument, *Sayegh* is not "remarkably similar," ECF No. 7 ¶ 18, to this case and does not change the Court's analysis. In *Sayegh*, the plaintiff brought a count for negligent design, manufacturer, assembly, and also for negligent failure to warn. Second Amended Complaint ¶¶ 29–33, *Sayegh, Administrator of the Estate of George Demian v. The Raymond Corp.*, No. 7:15-cv-688, 2016 WL 6477008 (W.D. Va. Nov. 1, 2016). The district court found that there was no possibility of recovery because it was undisputed that the defendant did not design, manufacture, or assemble the product at issue, and allegations of failure to warn describe acts of nonfeasance. *Sayegh*, 2016 WL 6477008, at *3. There are no allegations of negligent design here, and the plaintiff alleges more than mere failure to warn.

removal; only a possibility of a right to relief need be asserted."). Therefore, it is at least *possible* that the state court would find that the plaintiff's allegation is one of misfeasance that states a claim for relief under Virginia law.

The defendant also argues that although the complaint alleges that she was "negligent in injuring [the plaintiff] in the course of providing him with services," ECF No. 1-5 ¶ 24, evidence in the record indicates that the defendant did not participate in the design of the microneedling tool, nor did she perform the treatment on the plaintiff.[4] ECF No. 7 ¶ 19; ECF No. 9 ¶¶ 3–4. But whether the defendant participated in designing the device or performing the treatment is not relevant to the analysis because it is possible that Virginia law would recognize the defendant's alleged proclamation of the device's safety in the process of selling the treatment as an affirmative act of negligence.[5]

---

[4] In support of this argument, the defendant submitted an affidavit attesting that her "responsibilities . . . [were] limited to the marketing and sale" of the microneedling device used on the plaintiff. ECF No. 7-1 ¶ 2. The Court did not consider this extrinsic evidence in its substantive analysis, as it declines to convert the defendant's motion to dismiss into a motion for summary judgment. But the Court notes that consideration of the affidavit would not have changed the outcome.

[5] Additionally, while not relevant to the Court's ultimate conclusion, the plaintiff appears to also allege that the affirmative act of declaring the microneedling device safe and effective, while simultaneously omitting important information about potential side effects, rendered the defendant's statement about the device false and misleading and led to his physical and pecuniary harm. Those allegations could potentially give rise to negligent misrepresentation. In Virginia, negligent misrepresentation is not an independent cause of action but instead falls under the cause of action for constructive fraud. *See Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 295 (Va. 1998) ("The essence of constructive fraud is negligent misrepresentation."). A plaintiff alleging constructive fraud must plead that there was "a false representation of a material fact," "made innocently or

8

## IV.   CONCLUSION

For the foregoing reasons, Defendant Brittany Wells's motion to dismiss (ECF

No. 6) is **DENIED**.

This case is **REMANDED** to the Circuit Court for the City of Virginia Beach

and is hereby **CLOSED**.

**IT IS SO ORDERED**.

/s/

_____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 22, 2026

---

negligently," that the plaintiff relied on the false representation, and that his reliance resulted in damages. *Sales v. Kecoughtan Housing Co., Ltd.*, 690 S.E.2d 91, 94 (Va. 2010). Such a claim could exist here.

9